IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**SOUTHERN SURGERY CENTER, LLC, et al.**                                          **PLAINTIFFS**

**v.**                                                                        **No. 2:07cv181-KS-MTP**

**FIDELITY AND GUARANTY INSURANCE COMPANY, et al.**         **DEFENDANTS**

## ORDER REGARDING RECORDS REVIEWED *IN CAMERA*

THIS MATTER is before the court for an *in camera* review of certain records for which the defendants claim privilege or work product protection. Having reviewed the records and the applicable law, the court finds that the vast majority of the records at issue are protected by the attorney-client privilege and/or constitute work product and need not be produced. However, some of the records at issue are not privileged or otherwise protected and should be produced.

    1. Defendants shall produce document numbers FG-SSC 0019, 0085, 0086, 0087, 0102, 0103, 0104, and 0113. Likewise, defendants shall produce document numbers FG-SDR 0030 and 0012. These documents appear to be records primarily prepared for business purposes. *See In re Kaiser Aluminum and Chem. Co.*, 214 F.3d 586 (5th Cir. 2000). Additionally, the party asserting the privilege or protection bears the burden of establishing the applicability of the privilege. *See United States v. Harrelson*, 754 F.2d 1153, 1157 (5th Cir. 1985); *King v. Odeco, Inc.*, 106 F.3d 396, 1997 WL 33367, at *2 (5th Cir. Jan. 8, 1997). As to these few documents, the defendants have not met that burden. One of the documents (FG-SSC 0086) has no information on it whatsoever except the document number and a footer. Similarly, document numbers FG-SDR 0012 and 0030 contain little, if any, information.

    2. Defendants shall also produce document numbers FG-SSC 0131 through 0132, 0170

through 0175, and 0205 through 0215. These documents are letters and attachments written or provided by the plaintiffs' attorneys. These records cannot be considered the work product of the defendants and are not protected by the attorney-client privilege. While these documents may have accompanied or been attached to records that were protected from disclosure, they do not enjoy protection from disclosure by virtue of that attachment. *See Evergreen Trading, LLC v. United States*, 80 Fed. Cl. 122, 138 (Fed. Cl. 2007); *In re Gabapentin Patent Litigation*, 214 F.R.D. 178, 187 (D. N.J. 2003) ("[S]tapling one privileged document to a non-privileged document does not cloak the non-privileged material with protection from discovery.").

    3. The court agrees with the defendants that the balance of the challenged records are protected from disclosure and need not be produced. Plaintiffs have not established a substantial need for the records withheld on work-product grounds. Much of the information withheld, although prepared in anticipation of litigation, is innocuous. The balance of the information is readily obtainable by other means, such as deposition testimony and the plaintiffs' knowledge and records. *See King*, 1997 WL 33367, at *2-*3 (quoting *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 151-52 (S.D. Ind. 1993)) ("The '[e]xistence of a viable alternative to invading work product, will, in most situations ... negate any substantial need.'").

    SO ORDERED on April 4, 2008.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge