IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**SOUTHERN SURGERY CENTER, LLC,**
**SOUTHERN BONE & JOINT SPECIALISTS, P.A.**
**AND SOUTHERN DEVELOPMENT RESOURCES, LLC**                 **PLAINTIFFS**


**VERSUS**                                **CIVIL ACTION NO. 2:07cv181KS-MTP**


**FIDELITY AND GUARANTY INSURANCE COMPANY;**
**UNITED STATES FIDELITY AND GUARANTY COMPANY**
**AND ST. PAUL TRAVELERS COMPANIES, INC.**                  **DEFENDANTS**


## ORDER

This matter is before the court on Motion to Reconsider the Ruling of the Magistrate Judge **[#34]** pursuant to Rule 72 of Federal Rules of Civil Procedure. The court, having reviewed the motion, the pleadings and exhibits on file and being otherwise fully advised in the premises, finds that the motion is not well taken and should be denied except as noted herein. The court specifically finds as follows:

This lawsuit was filed on August 7, 2007, and was timely removed to this court on September 5, 2007. It involves the suspension of operations and subsequent loss of business income from Hurricane Katrina alleged by the plaintiffs. Specifically, the plaintiffs claim that Fidelity and Guaranty Insurance Company policies BK02126425, BK02103067 and BK02126424 provide coverage for the business insurance claims of Southern Bone and Joint Specialists, P.A. ("Southern Bone"), an orthopedic clinic consisting of ten

orthopedic surgeons who treat patients for bone and joint related problems and Southern Surgery Center, LLC ("Southern Surgery"), an ambulatory surgery facility at which the same orthopedic surgeons perform surgeries which can be done on an out-patient basis. Southern Development Resources, LLC ("Southern Development") owns the property where Southern Surgery is located and where Southern Bone conducts some operations. The property at issue is located at 3688 Veterans Memorial Drive, Hattiesburg, Mississippi.

The defendants contend that any suspension of the plaintiffs' operations which resulted from Hurricane Katrina was not caused by "direct physical loss to property" which is a term and condition of the coverage in their policies. Rather, they assert that any suspension of operations resulted directly from a failure of power which did not take place on the premises described in the policies and that the claims were appropriately denied. The plaintiffs have filed the present suit and have asserted claims against the defendants for: 1) breach of contract, 2) tortuous breach of contract and 3) breach of duty of good faith and fair dealing.

Following a discovery dispute, the plaintiffs filed a Motion to Compel on February 18, 2008. On March 7, 2008, the defendants filed their Response to the plaintiffs' Motion to Compel. Some of the contested issues regarding the discovery disputes articulated in the plaintiffs' Motion to Compel were resolved by the parties on March 10, 2008, during a court-ordered meeting of the parties. On Good Friday, March 21, 2008, a hearing was conducted by the Magistrate Judge related to the remaining discovery issues the parties were not able to resolve. At the hearing, the court ruled the defendants must produce certain information and documents. Among the rulings made by the court, the court ruled as follows:

(a) Any insurance agreements which may satisfy a judgment for bad faith against the defendants must be produced by March 28, 2008;

(b) Any information the defendants have reflecting that the plaintiffs had been provided copies of their policies on August 29, 2005, must be provided by March 28, 2008;

(c) Underwriting files for policies BK02126424 and BK02126425 at issue must be produced by March 28, 2008;

(d) Any manuals or parts of manuals and internal documents or parts of internal documents related to policy interpretation and handling of claims involving the power failure exclusion pursuant to protective order must be produced by March 28, 2008;

(e) Any information on the rationale/reasoning for addition of the Business Income and Extra Expense Off-Premises Endorsement CL/BF 11 10 09 02 added in December 2005, after Hurricane Katrina must be provided by March 28, 2008; and

(f) Name, address, telephone number and claim files for persons or entities which had a business income claim arising out of Katrina denied based on the Off-Premises Power Failure exclusion pursuant to a protective order must be provided and produced by April 18, 2008.

The defendants have not objected to the entire discovery order but have requested the court reconsider the rulings requiring the defendants to identify other policyholders and produce other claim files for business income claims arising from Hurricane Katrina denied based on the off-premises power failure exclusion. In support of this argument, the defendants assert that the plaintiffs have filed general claims of bad faith but have no evidence to support the claims so they have propounded overly broad and unduly burdensome interrogatories in an attempt to conduct a fishing expedition for support for their claims and to harass and burden the defendants. Further, the defendants contend that the identities and claims of other policyholders are irrelevant to the plaintiffs' action and to compel production of the information requested by the plaintiffs concerning other

claims is unduly expanding the scope of discovery in this case.

Alternatively, the defendants state that the court should limit the other claims information and documents to claims in the State of Mississippi involving the same policy language, arising out of Hurricane Katrina and reported within six (6) months of August 29, 2005. Furthermore, they contend that the court should require redaction of information concerning the identity of the other policyholders to protect privacy rights since the identities of the other policy holders has no possible relevance.

The defendants also request a reversal of the Magistrate's requirement that they furnish information relating to the addition of the Business Income and Extra Expense Off-Premises Endorsement CL/BF 11 10 09 02 added in December 2005, after Hurricane Katrina. To support this argument, the defendants point out that the plaintiffs are claiming that losses sustained as a result of Hurricane Katrina which occurred on August 29, 2005, are covered and that the defendants denied those claims in bad faith. Consequently, they assert, that an endorsement changing the policies over three months after the date of the loss is not relevant.

Finally, the defendants argue that the time frame ordered for production of the documents is unduly burdensome and make compliance impossible. However, since the defendants have appealed the Magistrate's ruling, and have moved this court for a stay pending the appeal, they have effectively received a stay of the requirement to produce even though the Magistrate denied the stay.

## **STANDARD OF REVIEW**

A district court reviews a pretrial nondispositive ruling by a Magistrate Judge under

a clearly erroneous/contrary to the law standard.  Rule 72(a), Federal Rules of Civil Procedure.  *See also* 28 U.S.C. §636(b)(1)(A).  A party objecting to a ruling of a Magistrate Judge has the burden of presenting an exact factual and/or legal basis as to why the Magistrate Judge's ruling is clearly erroneous or contrary to the law since the hearing before the Magistrate Judge is not on the record.  It cannot merely state that the ruling is wrong, it must present a solid basis for asserting that the ruling was erroneous or contrary to the law.

After a careful review of the Magistrate's Order of March 31, 2008, the court finds that the ruling was neither contrary to the law nor clearly erroneous.  However the court finds that Paragraph 14 of the Order should be amended to limit the production of information to only Mississippi claims and that names, social security numbers and other personal information should be redacted to protect the privacy of the individuals involved.  Further, based on the course of proceedings, the court finds that all required discovery should be provided no later than April 30, 2008.  If additional time to comply is required, the defendants may request additional time from the Magistrate Judge.

IT IS THEREFORE ORDERED AND ADJUDGED  that the  Motion to Reconsider the Ruling of the Magistrate Judge **[#34]** filed on behalf of the defendants is denied except that Paragraph 14 of the Magistrate Judge's Order of March 31, 2008, **[#36]** is modified to limit the production of information to only Mississippi claims and that names, social security numbers and other personal information should be redacted to protect the privacy of the individuals involved.

IT IS FURTHER ORDERED AND ADJUDGED that the Magistrate Judge's Order of March 31, 2008, **[#36]** is affirmed in all other respects and that the Motion to Stay **[#39]**

filed by the defendants is Denied based on the court's finding that the discovery order shall be complied with by April 30, 2008.

SO ORDERED AND ADJUDGED this the17th day of April, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE