IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


SOUTHERN SURGERY CENTER, LLC;
SOUTHERN BONE & JOINT SPECIALISTS, P.A.;
AND SOUTHERN DEVELOPMENT RESOURCES, LLC                 PLAINTIFFS

VERSUS                               CIVIL ACTION NO. 2:07cv181KS-MTP

FIDELITY AND GUARANTY INSURANCE COMPANY;
UNITED STATES FIDELITY AND GUARANTY COMPANY;
AND ST. PAUL TRAVELERS COMPANIES, INC.                  DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#92]** filed on behalf of defendant United States Fidelity and Guaranty Company ("USF&G").  The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in the premises, finds that the motion is well taken and should be granted.  The court specifically finds as follows:

## FACTUAL BACKGROUND

The plaintiffs in this case provide orthopedic medical treatment and services to patients in the Hattiesburg, Mississippi area.  As part of this work, the plaintiffs own and operate a clinic, an MRI and an outpatient surgical facility at 3688 Veterans Memorial Drive in Hattiesburg.  All of the plaintiffs are closely related entities.  Southern Development Resources, LLC ("SDR") owns the building and improvements located at

3688 Memorial Drive.  SDR employs all of the support and ancillary staff of the facility and leases them and the facility to the other two plaintiffs.

Southern Bone & Joint Specialists, P.A. ("SB&J" or "Southern Bone & Joint"), is the clinical operation of the member physicians.  Southern Surgery Center, LLC ("SSC" or "Southern Surgery"), is the outpatient surgical facility owned and operated by most of the same physicians who comprise the clinical practice of SB&J.  The physicians make up the Board of Directors and the Board of Management of all three entities.  All three entities operate under the same Chief Executive Officer and the same Chief Financial Officer.

USF&G insured the building at 3688 Memorial Drive under a commercial insurance policy bearing number BK02103067 issued to SDR, which was in force and effect from June 19, 2005 through June 19, 2006 (the "Policy").  Plaintiffs Southern Bone & Joint and Southern Surgery were insured through two separate insurance policies with a separate company (defendant FGIC).  FGIC has filed a separate motion for summary judgment based on the claims related to those policies. The only issues considered herein are whether SDR is entitled to any additional benefits under the policy issued by USF&G and whether USF&G has any liability to Southern Bone & Joint or Southern Surgery.

Hurricane Katrina struck Hattiesburg and the surrounding areas on August 29, 2005, causing widespread property damage. The Building and insured premises, owned by SDR, incurred physical damage resulting from Katrina.  Specifically, the storm caused damage to the roof and some flashing.  Some of the roof-mounted air-conditioners also shifted during the hurricane and SDR suffered damage to a fence and

-2-

landscaping around the Building and damage to a sign for the Building.  SDR filed an insurance claim with USF&G for all of this damage.  SDR also filed a claim for lost rents, a generator and storm supplies, and for the cost of a security guard immediately following the hurricane. In total, SDR claimed $49,262.52 of damage/expenses associated with Hurricane Katrina.

USF&G investigated the claims filed by SDR initially through an independent adjuster, Nolan Cunningham.  To assess and repair the damage to the Building, SDR hired Finlo Construction.  Finlo provided the plaintiff with a proposal for repairs to the Building on January 25, 2006, totaling $18,631.00.  Finlo completed all repairs to the Building between January 25, 2006 and April of 2006.  USF&G paid SDR's entire claim of $18,631.00 for damage to the Building.

SDR also submitted a claim in the form of three separate invoices for damaged landscaping at the insured premises.  The three landscaping invoices of $2,878.30, $11,395.50, and $5,871.63 provided a total claim of $20,145.43.  USF&G paid SDR the full recoverable limit amount under the Policy for landscaping damages of $3,000.00. The Policy also provides an additional $10,000.00 as a catastrophe allowance where a named catastrophe is designated and other "applicable limits are not enough to compensate [an insured] for the loss…."  Because SDR's landscaping damage exceeded the $3,000.00 landscaping limit of insurance and Hurricane Katrina was a named catastrophe, USF&G paid SDR the full Policy limit of $10,000.00 under the catastrophe allowance provision.

SDR also filed a claim with USF&G in the amount of $866.70 for fence damage at the Building and a claim for $891.88 for a generator and storm supplies.  USF&G

-3-

paid SDR for both of these claims. SDR also filed a claim with USF&G for $2,739.20 for the Building sign damage. After subtracting the $500 deductible contained in the Policy, USF&G paid SDR $2,239.20. SDR filed an extra expense claim for the cost of a security guard and damage control in the amount of $4,176.30. USF&G paid SDR for this entire claim. Finally, SDR filed a claim for $1,812.01 for lost rents from other tenants , which USF&G paid.  In summary, SDR's claim for damages arising from Hurricane Katrina exceeded the insurance amount available for landscaping damage by $7,145.43. As a result, this is the only portion of SDR's claim that was not paid, which is confirmed by the plaintiff. USF&G paid the entirety of SDR's claim otherwise.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

 A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence

is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

Under Mississippi law, a plaintiff has the burden of proving a right to recover

under an insurance policy sued on, and this basic burden never shifts from the plaintiff. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 625 (5th Cir. 2008) (citing *Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978)).  Where the claimed source of coverage is a coverage extension, the insured has the burden of proving that its loss is covered under that coverage extension.  *State Farm Fire and Cas. Co. v. Shady Grove Baptist Church*, 838 So.2d 1039, 1043 (Ala. 2002) (holding that insured had burden of proof under coverage extension).

## ANALYSIS

USF&G contends that it is entitled to summary judgment because all claims submitted by SDR have been paid in conformity with the Policy.  The plaintiff agrees that all claims submitted by it to USF&G have been paid appropriately.  However SDR contends that somehow it may possess a claim for wages paid to support staff of the other two plaintiffs which has "passed through" to those entities and if USF&G will concede that the other two plaintiffs possess such a claim, it will agree that it has no claim against USF&G.

As previously stated, SDR employs all of the nurses, technicians and other support personnel associated with the plaintiffs' medical practice.  SDR pays these employees directly, and under a lease agreement with the other two plaintiffs, receives reimbursement for the employees' wages.  SDR continued to pay these employees their full wages after the storm, in spite of the fact that the business was suspended for a number of days because of storm damage.  However, SDR admits that Southern Bone & Joint and Southern Surgery have reimbursed it for these expenses and, thus, it has

never filed a claim for this alleged loss.  Instead, SDR asserts that it is a plaintiff only to ensure that the salary continuation payment claim is properly before the court as a part of the entire lost income claim submitted by Southern Bone & Joint and Southern Surgery.  But SDR cannot make such a claim since it has been reimbursed for such alleged loss.  SDR has repeatedly admitted that it has been paid appropriately for all claims made under its USF&G policy.  USFG is entitled to summary judgment on SDR's claims.

However, SDR also argues that USF&G is not entitled to summary judgment on the claims filed by the other two plaintiffs because USF&G is identified in the policies issued to each of them.  This, according to SDR, makes USF&G a party to those contracts even though each of those policies clearly indicate they were issued by the co-defendants.

A careful review of the subject policies indicates that it is clear that USF&G only issued an insurance policy to SDR.  The declarations information page for SDR's policy clearly and unambiguously states: "Your Insurance Company is: United States Fidelity & Guaranty."  While on the other hand, the declarations pages information for each of Southern Surgery and Southern Bone & Joint's policies clearly and unambiguously state: "Your Insurance Company is: Fidelity and Guaranty Insurance Company."

The defendant is correct that merely because other company names are listed on a page of the form policy separate from the declarations information pages does not mean that those companies are also insuring Southern Surgery and Southern Bone & Joint when they clearly are not designated as such.  *Jackson v. American Employers' Insurance Company*, 11 So.2d 225, 225-26 (La. 1942) (Employers' Liability Assurance

Corporation, Ltd., American Employers' Insurance Co., and Employers' Fire Insurance Co., doing business as a group of insurance companies under the title "The Employers Group of Boston, Massachusetts," recognized as separate legal corporations with authority to issue their own separate insurance policy even though they share the same letterhead, offices, employees, and agent for service of process.); *Fleming v. Travelers Ins. Co.*, 206 Miss. 284, 39 So.2d 885 (1949).  Therefore, the court finds that USF&G is entitled to summary judgment.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#92]** filed on behalf of defendant United States Fidelity and Guaranty Company is granted and the plaintiffs' claims against it are dismissed with prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 8th day of October, 2008.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE