**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**SOUTHERN SURGERY CENTER, LLC;**
**SOUTHERN BONE & JOINT SPECIALISTS, P.A.;**
**AND SOUTHERN DEVELOPMENT RESOURCES, LLC**                **PLAINTIFFS**

**VERSUS**                                    **CIVIL ACTION NO. 2:07cv181KS-MTP**

**FIDELITY AND GUARANTY INSURANCE COMPANY;**
**UNITED STATES FIDELITY AND GUARANTY COMPANY;**
**AND ST. PAUL TRAVELERS COMPANIES, INC.**                **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on a Motion for Summary Judgment **[#94]** filed on

behalf of defendant Travelers Companies, Inc.  The court, having reviewed the motion,

the response, the pleadings and exhibits on file, the briefs of counsel and being

otherwise fully advised in the premises, finds that the motion is well taken and should be

granted.  The court specifically finds as follows:

## <u>FACTUAL BACKGROUND</u>

The plaintiffs in this case provide orthopedic medical treatment and services to

patients in the Hattiesburg, Mississippi area.  As part of this work, the plaintiffs own and

operate a clinic, an MRI and an outpatient surgical facility at 3688 Veterans Memorial

Drive in Hattiesburg.  All of the plaintiffs are closely related entities.  Southern

Development Resources, LLC ("SDR") owns the building and improvements located at

3688 Memorial Drive.  SDR employs all of the support and ancillary staff of the facility and leases them and the facility to the other two plaintiffs.

Southern Bone & Joint Specialists, P.A. ("SB&J" or "Southern Bone & Joint"), is the clinical operation of the member physicians.  Southern Surgery Center, LLC ("SSC" or "Southern Surgery"), is the outpatient surgical facility owned and operated by most of the same physicians who comprise the clinical practice of SB&J.  The physicians make up the Board of Directors and the Board of Management of all three entities.  All three entities operate under the same Chief Executive Officer and the same Chief Financial Officer.

Hurricane Katrina struck Hattiesburg and the surrounding areas on August 29, 2005, causing widespread property damage.  At the time of Hurricane Katrina, the plaintiff Southern Surgery was insured by defendant Fidelity and Guaranty Insurance Company ("FGIC") policy number BK02126424, effective June 19, 2005, through June 19, 2006.  The plaintiff Southern Bone and Joint was insured by policy number BK02126425, also issued by FGIC for the policy period June 19, 2005, through June 19, 2006.  The plaintiff Southern Development Resources was insured under policy number BK02103067 issued by defendant United States Fidelity and Guaranty Company effective for the period of June 19, 2005, through June 19, 2006.

Following Hurricane Katrina, the plaintiffs asserted claims for alleged losses under their individual policies of insurance issued by FGIC and USF&G.  USF&G paid all of the claims submitted by SDR.  This dispute arose because FGIC denied the business income claims of Southern Bone & Joint  and Southern Surgery.  The details surrounding the payment of the claims and coverages and the disputes arising

therefrom are set forth in more detail in separate opinions on FGIC and USF&G's separate Motions for Summary Judgment.

After the dispute regarding coverage of the asserted claims, the plaintiffs filed suit in the Circuit Court of Forrest County, Mississippi, on August 10, 2007, raising claims of breach of contract, tortious breach of contract and breach of good faith and fair dealing allegedly entitling them to compensatory and punitive damages against all three defendants.  In the Complaint, the plaintiffs contend that The St. Paul Travelers Companies, Inc., "is engaged in the business of providing commercial property and liability insurance products and services to commercial and professional customers.  It underwrites insurance under various names including Fidelity and Guaranty Insurance Company and United States Fidelity and Guaranty Company."  Complaint,  ¶ 8.

The plaintiffs also allege in their Complaint that The St. Paul Travelers Companies, Inc., "by affixing or permitting the name 'St. Paul Travelers' to be affixed to the insurance policies, and by having its President, J.S. Fishman, and its Secretary, Bruce Blackburg, sign the insurance policies, undertook, gratuitously or for consideration, the same obligations that the policies impose upon Fidelity and Guaranty Insurance Company and United States Fidelity and Guaranty Company;" and that "[t]hroughout the insurance policies, the Defendants have used the names 'St. Paul Travelers', 'United States Fidelity and Guaranty Company,' and 'Fidelity and Guaranty Insurance Company' interchangeably in such a way as to indicate that there exists no practical or legal distinction between the Defendants, and to the effect that each Defendant has the same obligations to each Plaintiff."  Complaint, ¶¶ 13-14.  On September 24, 2007, Travelers filed its Answer and Affirmative Defenses to the

-3-

plaintiffs' Complaint denying that Travelers issued any of the plaintiffs' policies.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law

will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalia*n, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v.*

*National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

Under Mississippi law, a plaintiff has the burden of proving a right to recover under an insurance policy sued on, and this basic burden never shifts from the plaintiff. *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 625 (5th Cir. 2008) (citing *Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978)).  Where the claimed source of coverage is a coverage extension, the insured has the burden of proving that its loss is covered under that coverage extension.  *State Farm Fire and Cas. Co. v. Shady Grove Baptist Church*, 838 So.2d 1039, 1043 (Ala. 2002) (holding that insured had burden of proof under coverage extension).

## ANALYSIS

From the record, it appears undisputed that on February 26, 2007, The St. Paul Travelers Companies, Inc., changed its name to The Travelers Companies, Inc.  *See* Exhibit F to the Motion for Summary Judgment.  Travelers alleges that The St. Paul Travelers Companies, Inc., and/or The Travelers Companies, Inc., are not and have never been insurers and have never been licensed by the Mississippi Department of Insurance to transact business as an insurer in the State of Mississippi.

What is also clear from the record is that it does not appear to the court that The St. Paul Travelers Companies, Inc., and/or The Travelers Companies, Inc., are parties to the insurance contracts at issue in this case, *i.e.*, policies BK02126424, BK02126425 and BK02103067, under which the plaintiffs have asserted claims.  Those policies were issued as clearly stated in the top right corner of the declaration pages by USF&G and FGIC, which are licensed to do business in Mississippi.  Travelers' corporate representative has testified that FGIC and USF&G are separate business entities from Travelers and that all corporate and/or legal formalities are carefully observed and followed with respect to each of these separate entities.  Travelers also asserts that the nomenclature "The St. Paul Business Foundation Series" found on the cover of the subject policies refers to a series of policies issued by varying companies such as FGIC and USF&G pursuant to forms created by St. Paul/Travelers.

Mississippi's law is clear and well-established regarding attempts to hold one corporation liable for another's contracts or torts.  A corporation's separate identity is not disregarded unless to do otherwise would "subvert the ends of justice.".  *Penn National Gaming, Inc. v. Ratliff*, 954 So.2d 427, 431 (Miss. 2007).  To disregard one's corporate

-7-

identity, the court requires

> (1) some frustration of expectations regarding the party to whom he looked for performance; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder.

*Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1047 (Miss. 1989).  Further, "the corporate veil will not be pierced, in either contract or tort claims, except where there is some abuse of the corporate form itself."  *Penn National*, 954 So.2d at 432.

In spite of the plaintiffs' arguments otherwise, it is clear that Travelers is a separate corporation and is distinct from FGIC and USF&G.  Travelers is not an insurance carrier, nor is it listed on the Mississippi Secretary of State's website or the Mississippi Department of Insurance's website as an insurance company registered or licensed to do business in Mississippi.  Travelers neither issues insurance policies nor makes any determination regarding insurance claims.  All of the plaintiffs' claims alleged herein arise directly from the FGIC and USF&G insurance policies.  Travelers is not a party to those policies and never denied any of the plaintiffs' claims relating to the policies or the subject loss.  There has been absolutely no showing that Travelers is a proper party to this action.  It is therefore entitled to summary judgment on all of the plaintiffs' claims.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#94]** filed on behalf of defendant Travelers Companies, Inc. is granted and the plaintiffs' claims against it are dismissed with prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 8th day of October, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE