IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SOUTHERN SURGERY CENTER, LLC;
SOUTHERN BONE & JOINT SPECIALISTS, P.A.;
AND SOUTHERN DEVELOPMENT RESOURCES, LLC        PLAINTIFFS

VERSUS                           CIVIL ACTION NO. 2:07cv181KS-MTP

FIDELITY AND GUARANTY INSURANCE COMPANY;
UNITED STATES FIDELITY AND GUARANTY COMPANY;
AND ST. PAUL TRAVELERS COMPANIES, INC.           DEFENDANTS


## ORDER ON TAXATION OF COSTS

This matter is before the court on the Bill of Costs filed by the defendants on November 7, 2008. The court has reviewed the Bill of Costs submitted by the defendants, the objections submitted on behalf of the plaintiffs and the briefing provided by the parties. After careful consideration of the matter, the court finds as follows, to wit:

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party shall be entitled to recover his costs. That Rule specifically states:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ..

Rule 54(d)(1), Fed.R.Civ.P.

The costs which can be imposed under Rule 54 are defined by 28 U.S.C. § 1920 which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) fees of the clerk and marshal;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees under § 1923 of this title;

(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

The defendants have filed a Bill of Costs totaling $7,026.26 with little supporting documentation other than an itemization of the amounts claimed. The defendants have provided only the affidavit of their attorney as justification to support the reasonableness and necessity of the costs requested. The court will therefore go through each item of the Bill of Costs and determine, as best it can, what is properly taxable under § 1920.

This court would point out to the defendants that "courts are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates. Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Copper Liquor, Inc. v. Adolph Coors Co.*, 684 F. 2d 1087, 1099 (5th Cir. 1982), overruled on other grounds, *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.* 790 F.2d 1174 (5th Cir. 1986).

Fees of the clerk are generally allowable and the plaintiffs do not object to this fee. The defendants are awarded $350.00 as costs for payment to the clerk of court for filing fees for the notice of removal.

The other categories of costs that the defendants have itemized are subject to question by the court. The first category is fees of the court reporter for all or any part of deposition transcripts necessarily obtained for use in the case. The defendants have itemized costs of $4,519.09 for this category. Under the itemization supporting this category, the defendants set out the costs of several depositions without clearly delineating whether the costs are for the originals and/or multiple copies. The defendants do argue that the costs are for only one copy of the depositions and that additional condensed copies and ASCII discs were furnished as a gratuity by the court reporter.

The cost of original depositions are usually recoverable by the prevailing party. As the Fifth Circuit has stated, "the more equitable as well as more practical view is to allow the recovery of such expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to the counsel at the time it was taken." *Copper Liquor*, 684 F.2d at 1099. A separate panel of the Fifth Circuit has held that "the cost of the original deposition is taxable without any factual findings." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F. 2d 128, 133 (5th Cir. 1983).

Section 1920 specifically provides for the recovery of costs for "any part of the stenographic transcript necessarily obtained for use in the case." The Fifth Circuit has held that, "[c]osts related to the taking of depositions and the copying of documents are

3

allowed if the materials were necessarily obtained for use in the case." *Stearns Airport Equipment Co., Inc. v. FMC Corp.*, 170 F.3d 518,536 (5th Cir. 1999). Further, "it is not required that a deposition actually be introduced in evidence for it to be necessary for a case-as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Id.* (citing *Fogleman v. ARAMCO,* 920 F.2d 278, 285-86 (5th Cir.1991)).

There must, however, be some showing that the taking of a particular deposition was reasonably necessary at the time it was taken for the cost of the original deposition to be properly taxable as part of cost of the action. The defendants have offered no showing as to why any of the depositions were taken or why any of them were reasonably necessary or what they were ultimately used for. They only state, in a conclusory manner, that they were obtained to assist in trial preparation and the structuring of questioning. The court is not even advised as to whether or what portions of the depositions were used in presenting the summary judgment motions which would unquestionably make them necessary in preparation of the case. However, the defendants have grouped the costs of the original depositions without any showing as to what portions were necessary and actually used versus those portions that were not.

It is incumbent upon the party seeking the recovery of costs to show that the deposition transcripts were "necessarily obtained for use in the case." *Copper Liquor, supra. See also, J. T. Gibbons v. Crawford Fitting Co.*, 760 F. 2d 613, 615 (5th Cir. 1985), and *Studiengesellschaft Kohle*, 713 F. 2d at 134. Further, additional copies are subject to a factual finding by the court as to whether they were "obtained primarily for

the convenience of the parties [or] were necessarily obtained for use in the case." *Studiengesellschaft Kohle*, 713 F. 2d at 133, (other citations omitted).

The defendants have provided insufficient documentation to show whether the costs presented were for the originals and/or the copies. Likewise, they have offered an insufficient showing as to whether the deposition transcripts were necessarily obtained for use in the case and not merely for the convenience of the defendants. Failure to do this is fatal to the defendants' attempt to recover costs for these items. As stated previously, the burden is on the party seeking the recovery of the cost to provide documented proof that the cost is recoverable under § 1920. The defendants have failed to provide the court with the necessary information to be able to determine what portions of the deposition costs appended to the Bill of Costs are recoverable under § 1920. Based on the information provided, the court would be speculating as to the recoverable portion of this otherwise appropriate item of cost if it were to award any part of this item as costs.

The next category of requested cost is fees for witnesses which is itemized and appended as a part of the Itemization of Costs and attached as an exhibit to the defendants' Bill of Costs in the amount of $162.12. Witness fees are governed by 28 U.S.C. § 1821 and are generally recoverable up to the statutory amount. However, the fees requested are for the attendance of fact witnesses at depositions which clearly appear to be discovery related. There has been no showing that the attendance of these witnesses was necessary in obtaining the results achieved by the defendants through the summary judgment motions. Likewise, there is no clear showing as to what the witnesses' testimony would have contributed to the trial of this matter. It is

5

incumbent on the defendants to support their requests for expenses with proper documentation. They have not done so as to this item and thus it is not recoverable.

The final item for which the defendants seek to recover costs for is "fees for exemplification and copies of the papers necessarily obtained for use in the case" in the amount of $1,995.00 which is itemized and appended as an exhibit to the defendants' Bill of Costs. These costs are specifically provided for by § 1920 to the extent that they were necessary for preparation of the case. However, the defendants' itemization of the photocopy costs is not sufficient. Again, it is incumbent upon the party seeking the recovery of costs to show that the exemplifications and copies of papers are necessarily obtained for use in the case. The defendants have only stated that the bulk of the documents were the result of discovery requests. It appears that the costs of some of the documents would be recoverable if properly identified.

The defendants make no specific affirmation as to why all of these matters were necessarily obtained for use in the case. The generic reference in the Bill of Costs and the attorney's affidavit that all were so obtained is simply not sufficient. *See Copper Liquor*, 684 F. 2d at 1098-99, and *Zapata Gulf Marine v. P.R. Maritime Shipping Authority*, 133 F.R.D. 481, 484 (E.D. La. 1990). The court will not speculate as to what was necessarily used in ruling on the defendants' motion without any support for its impression. That burden is on the defendants and it has not been satisfied. The court therefore finds that the defendants' Bill of Costs regarding fees for exemplification and copies of papers necessarily obtained for use in the case appended to the defendants' Bill of Costs are hereby disallowed as not recoverable under § 1920 for the reasons stated.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants are entitled to a recovery of costs in the amount of $350.00 as court fees, for which let execution issue. All other requests for costs are denied as not recoverable under § 1920 or as not properly documented as set forth above.

SO ORDERED AND ADJUDGED this the 17th day of December, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE